| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Axel H. Richter  (SBN 87301)<br>Law Offices of Axel H. Richter<br>11949 W. Jefferson Blvd., Suite 107<br>Los Angeles, CA 900230<br>Ph. 310-302-0069   Fax 310-302-0098<br>E-Mail Address:  arichterlaw@yahoo.com<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:*  Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>    ABIGAIL RODRIGUEZ<br><br><br><br>                                        Debtor(s). | CHAPTER: 13<br><br>CASE NO.:  2:10-bk-23799-EC<br><br>DATE:   5/4/10<br>TIME:   1:30 P.M.<br>CTRM:  1639<br>FLOOR:  16th |

## NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE
### (with supporting declarations)
**(MOVANT:** ABIGAIL RODRIGUEZ                    **)**

1. NOTICE IS HEREBY GIVEN to _All Creditors_____ ("Secured Creditor/Lessor"),Trustee (if any), and affected creditors("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the Motion on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☒ **255 East Temple Street, Los Angeles**      ☐ **411 West Fourth Street, Santa Ana**
    ☐ **21041 Burbank Boulevard, Woodland Hills**      ☐ **1415 State Street, Santa Barbara**
    ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:
       ☐ at the hearing      ☐ at least _____ court days before the hearing.
   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).
   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the appropriate creditor(s) and trustee, if any.
   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                    **F 4001-1M.IS**

*Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 2 of ____*    **F 4001-1M.IS**

| In re                        (SHORT TITLE) | CHAPTER: 13 |
|---|---|
|   ABIGAIL RODRIGUEZ | |
| Debtor(s). | CASE NO.: 2:10-bk-23799-EC |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 4/14/10

LAW OFFICES OF AXEL H. RICHTER
_____
*Print Law Firm Name (if applicable)*

AXEL H. RICHTER
_____          _____
*Print Name of Individual Movant or Attorney for Movant*          *Signature of Individual Movant or Attorney for Movant*

_____

*January 2009*    **F 4001-1M.IS**

Motion for Order Imposing a Stay or Continuing the Automatic Stay  - *Page 3 of* ____     **F 4001-1M.IS**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | | |
| | Debtor(s). | CASE NO.: 2:10-bk-23799-EC |

## MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE
### (MOVANT: ___ABIGAIL RODRIGUEZ_____ )

1. **The Property or Debt at Issue:**

   a. ☒ Movant moves for an order imposing a stay with respect to the following property ("this Property" or "the Property") :

   ☐ Vehicle (*describe year, manufacturer, type, and model*):
   Vehicle Identification Number:
   Location of vehicle (if known):

   ☐ Equipment (*describe manufacturer, type, and characteristics*):
   Serial number(s):
   Location (if known):

   ☐ Other Personal Property (*describe type, identifying information, and location*):

   ☒ Real Property
   *Street Address:*  2776 E. Dominguez Street
   *Apt./Suite No.:*
   *City,State, Zip Code:*  Carson, CA 90810
   Legal description or document recording number(include county of recording):  05 3025447, Los Angeles County
   ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) America's Servicing Company, P.O. Box 10388, Des Moines, IA 50306  to secure the sum of approximately $ 406600.00 ____ now owed. ("Secured Creditor/Lessor").   Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached.  (*Attach additional sheets as necessary*)

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** *as to all creditors*.

   d. ☐ Movant moves for an order **continuing the automatic stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor*; and/or

   e. ☒ Movant moves for an order **continuing the automatic stay** *as to all creditors*.

2. **Case History:**

   a. ☒ A voluntary  ☐ An involuntary petition concerning an individual[s] under Chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
   was filed concerning the present case on (*specify date*): 4/9/10

   b. ☐ An Order of Conversion to Chapter  ☐ 7  ☐ 11  ☐ 12  ☐ 13
   was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                **F 4001-1M.IS**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | | CASE NO.: 2:10-bk-23799-EC |
| | Debtor(s). | |

d. ☒ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

    1. Case Name: ABIGAIL RODRIGUEZ
       Case Number: 2:09-bk-20627-VZ  Chapter: 13
       Date Filed: 5/4/2009  Date Dismissed: 4/1/2010
       Relief from stay re this property  ☒ was  ☐ was not granted
       Reason for dismissal: Failure to make required payments

    2. Case Name:
       Case Number:  Chapter:
       Date Filed:  Date Dismissed:
       Relief from stay re this property  ☐ was  ☐ was not granted
       Reason for dismissal: Failure to make required payments

    ☐ See attached continuation page

e. ☐ As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C.§521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f. ☐ The first date set for the meeting of creditors under 11 U.S.C.§341(a) is/was _____ and the court ☐ has ☐ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date (if applicable) is _____.

g. ☐ In a previous case(s), as of the date of dismissal there was ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§362(d) still pending or ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

    a. 1. Property description/value: Single Family Residence     $ 253,500.00
       2. Creditor/Lien amount: America's Servicing Company     $ 386,121.21
       3. Creditor/Lien amount: HSBC Mortgage     $ 89,741.88
       4. Creditor/Lien amount: _____     $
       5. Creditor/Lien amount: _____     $
       6. Total Liens     $ 475,863.09
       7. Debtor's Homestead Exemption     $ 0.00
       8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)     $ 0.00

    b. 1. Property description/value: _____     $
       2. Creditor/Lien amount: _____     $
       3. Creditor/Lien amount: _____     $
       4. Creditor/Lien amount: _____     $
       5. Creditor/Lien amount: _____     $
       6. Total Liens     $
       7. Debtor's Homestead Exemption     $
       8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)     $

    ☒ See attached continuation page(s)

4. **Grounds for Continuing The Stay:**

    a. ☒ Pursuant to 11 U.S.C.§362(c)(3) the stay should be continued on the following grounds:

       1. ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual debtor which was pending within the year preceding the petition date was dismissed, because:

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 4001-1M.IS**

Motion for Order Imposing a Stay or Continuing the Automatic Stay - CONTINUATION SHEET   Page 4.1

In re                                        CHAPTER: 13
            ABIGAIL RODRIGUEZ

                                             CASE NO.: 2:10-bk-23799-EC

**Additional Creditor(s) who are subject of this motion, and their respective claims, addresses and collateral:**

| CREDITOR | CLAIM | COLLATERAL |
|---|---|---|
| HSBC Mortgage<br>P.O. Box 21188<br>Eugan, MN 22121 | $89,741.88 | Real Property<br>located at:<br>2776 E. Dominguez Street<br>Carson, CA 90810 |

Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 5 of* ____    **F 4001-1M.IS**

| In re | | CHAPTER: 13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | (SHORT TITLE) | CASE NO.: 2:10-bk-23799-EC |
| | Debtor(s). | |

A. ☐  The prior dismissal was of a case not refiled under Chapter 7 after dismissal under 11 U.S.C. § 707(b);

B. ☒  Good faith is shown because  Debtor will make her current mortgage payments on or May 15, 2010,
Debtor has no further impediments to fully performing a confirmed plan. A detailed declaration of debtor
has been attached to show Good Faith and Change of Circumstances since dismissal of debtor's prior case.

⊐ See attached continuation page(s)

2. ☐   The Property is of consequential value or benefit to the estate because:

A. ☐  The fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as
supported by declarations attached (describe separately as to each property);

B. ☒  The Property is necessary to a reorganization for the following reasons:  It is the Debtor's Primary Residence
and central to repayment of arrears through the chapter 13 plan.

☐ See attached continuation page

C. ☐  The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate
protection): _____

☐ See attached continuation page

3. ☒   The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

A. ☐  The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

B. ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting in
dismissal was excusable because such failure was caused by the negligence of debtor's attorney;

C. ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting
dismissal  was excusable because _____

☐ See attached continuation page

D. ☐  Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ____

☐ See attached continuation page

E. ☐  Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because ____

⊓ See attached continuation page

F. ☒  There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior
case(s) as follows:  Debtor  has substantial increase in employment income and working full time
(attached is debtor's declarations) _____. From
this, the Court may conclude that this case, if a case under Chapter 7, will result in a discharge or, if under Chapter
11 or 13, in a confirmed plan that will be fully performed.
☐ See attached continuation page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 6 of ____*    **F 4001-1M.IS**

| In re                                 (SHORT TITLE) | CHAPTER:  13 |
|---|---|
| ABIGAIL RODRIGUEZ                                                Debtor(s). | CASE NO.: 2:10-bk-23799-EC |

G. ☐    For the following additional reasons _____
_____
_____
_____
_____

⊓ See attached continuation page

4. ☐    The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in
this case because _____
_____
_____

⊔ See attached continuation page

5.  **Grounds for Imposing a Stay:**

a. ☐    Pursuant to 11 U.S.C. §362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

1. ☐    The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater
than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

2. ☐    The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for
the following reasons: _____
_____
_____

⊓ See attached continuation page

3. ☐    The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's  proposal for adequate
protection): _____
_____
_____

⊔ See attached continuation page

b. ☐    The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual
debtor pending within the year preceding the petition date were dismissed, because:

1. ☐    The prior dismissal was of a case not refiled under Chapter 7 after dismissal under 11 U.S.C. § 707(b);

2. ☐    Good faith is shown because _____
_____

⊐ See attached continuation page

c. ☐    The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☐    Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court
or Title 11, resulting in the prior dismissal(s) as follows: _____
_____
_____

⊓ See attached continuation page

2. ☐    Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 and resulting
dismissal  was as the result of the negligence of Debtor's attorney;

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                          **F 4001-1M.IS**

| | |
|---|---|
| *Motion for Order Imposing a Stay or Continuing the Automatic Stay - Page 7 of ____* | **F 4001-1M.IS** |

| In re | | CHAPTER: 13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | (SHORT TITLE) | |
| | Debtor(s). | CASE NO.: 2:10-bk-23799-EC |

3. ☐   Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___
_____
_____
☐ See attached continuation page

4. ☐   Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because _____
_____
_____
☐ See attached continuation page

5. ☐   There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:
_____(from
which the Court may conclude that this case, if a case under Chapter 7, may be concluded with a discharge or, if under Chapter 11 or 13, with a confirmed plan that will be fully performed.
☐ See attached continuation page

6. ☐   For the following additional reasons _____
_____
_____
_____
☐ See attached continuation page

d. ☐   The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because _____
_____
_____
_____
☐ See attached continuation page

6. **Evidence in Support of Motion:**   *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

a. ☒   Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

b. ☐   Other Declaration(s) are also attached in support of this Motion.

c. ☐   Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules.  Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____.

d. ☒   Other evidence *(specify):*   Copies of Schedules I and J, Copy of proposed Chapter 13 Plan

7. ☐   **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following *(specify forms of relief requested)*:**

1. ☒   That the Automatic Stay be continued in effect as to *all creditors* until further order of the court.

2. ☐   That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

_____
This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 8 of ____*          **F 4001-1M.IS**

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | | |
| | Debtor(s). | CASE NO.: 2:10-bk-23799-EC |

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to *all creditors* until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed  as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (specify proposed adequate protection) _____
_____
_____

8. ☐ For other relief requested, see attached continuation page.


Dated:   4/14/10

Respectfully submitted,

ABIGAIL RODRIGUEZ
*Movant Name*

LAW OFFICES OF AXEL H. RICHTER
*Firm Name of Attorney for Movant (if applicable)*

By: _____
*Signature*

Name:   AXEL H. RICHTER
*Typed Name of Individual Movant or Attorney for Movant*


## DECLARATION OF MOVANT

I,  Axel Richter _____, am the  Attorney _____ of Movant.
I have read the foregoing motion consisting of  8  pages, and the attached materials incorporated therein by reference.  I declare that the foregoing is true and correct to the best of my knowledge.  If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the debtor's account on or near the date of events recorded.  I am one of the custodians of such business records.  Executed this  14  day of April ____, 20 10  at  Culver City, CA _____.

_____
(Signature of declarant)

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

## DECLARATION OF ABIGAIL RODRIGUEZ

I, Abigail Rodriguez, declare and state as follows:

1.    I am over the age of eighteen years and I am the debtor in case number 2:10-bk-23799-EC. I have personal knowledge of the facts contained herein and could and would competently testify thereto if called as witnesses.

2.    The instant case was filed on April 9, 2010

3.    The prior bankruptcy case, 2:09-bk-20627-VZ was filed on May 4, 2009 and dismissed on April, 1, 2010 for failure to make required plan payments.

4.    I am employed as a Longshoremen with the Pacific Maritime Association in San Pedro, California. I was prepared to make all my current and required plan and mortgage payments under my proposed Chapter 13 Plan. Unforeseen circumstances caused a loss of substantial income and as a result thereof, I was unable to fulfill my financial obligations under my Chapter 13 Plan.

5.    My working hours had been reduced in the month of February, 2010 and March, 2010 which resulted in loss of income, which I had earmarked for my plan and mortgage payments and as a result thereof I was unable to make my required payments under my chapter 13 plan. My case was dismissed for failure to make required plan payments.

6.    I have filed this instant case in good faith because I intend to make my current mortgage payment to America's Servicing Company, on or before May 15, 2010.

7.    My change of circumstance with respect to my personal and financial affairs is, that my income has increased substantially, I am working full time again that in addition, I intend to file a complaint for declaratory relief to remove liens of HSBC Mortgage and for an order suspending mortgage payments on my second mortgage loan to HSBC Mortgage. to reduce my financial obligation under my chapter 13 plan. Now, I have sufficient funds to effectively and successfully reorganize under a Chapter 13 Plan. Attached hereto as Exhibit "1" is a true and correct copies of my Schedules "I" and J" and attached hereto as Exhibit 2 is a true and correct copy of my proposed Chapter 13 Plan.

1       I declare under the penalty of perjury under the laws of the State of California and the

2   United States that the foregoing is true and correct.

3       Executed on this      day of April 9, 2010,  at Culver City, California.

4

5                                                  Abigail Rodriguez, Declarant

# EXHIBIT   1

B6I (Official Form 6I) (12/07)

In re    **Abigail Rodriguez**_____    Case No.    **2:10-bk-23799-EC**
                                    Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**Daughter** | AGE(S):<br>**14** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Longshore Worker** | |
| Name of Employer | **Pacific Maritime Association** | |
| How long employed | **7 Years** | |
| Address of Employer | **345 Montgomery Street**<br>**San Francisco, CA 94104** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 5,647.89 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 5,647.89 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | 518.48 | $ | N/A |
|    b. Insurance | $ | 0.00 | $ | N/A |
|    c. Union dues | $ | 185.04 | $ | N/A |
|    d. Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 703.52 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 4,944.37 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 4,944.37 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ | 4,944.37 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re __Abigail Rodriguez__                                                    Case No. __2:10-bk-23799-EC__
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,100.00 |
| a. Are real estate taxes included?          Yes ___          No _X_ | | |
| b. Is property insurance included?          Yes ___          No _X_ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 79.48 |
| b. Water and sewer | $ | 35.00 |
| c. Telephone | $ | 49.95 |
| d. Other   **See Detailed Expense Attachment** | $ | 103.62 |
| 3. Home maintenance (repairs and upkeep) | $ | 25.00 |
| 4. Food | $ | 650.00 |
| 5. Clothing | $ | 30.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 30.00 |
| 8. Transportation (not including car payments) | $ | 250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 20.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 59.82 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 95.00 |
| e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   **Property Tax** | $ | 377.50 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other _____ | $ | 0.00 |
| c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other _____ | $ | 0.00 |
| Other _____ | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    $ | 3,905.37

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| 20. STATEMENT OF MONTHLY NET INCOME | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 4,944.37 |
| b.   Average monthly expenses from Line 18 above | $ | 3,905.37 |
| c.   Monthly net income (a. minus b.) | $ | 1,039.00 |

B6J (Official Form 6J) (12/07)

In re **Abigail Rodriguez**                                                          Case No.   **2:10-bk-23799-EC**

_____
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---|
| Gas Company | $ | 48.62 |
| Basic Cable TV | $ | 55.00 |
| **Total Other Utility Expenditures** | $ | 103.62 |

# EXHIBIT   2

CM/ECF - U.S. Bankruptcy Court (v3.3.2 - LIVE)    Page 1 of 1
Case 2:10-bk-23799-EC    Doc 9    Filed 04/14/10    Entered 04/14/10 12:44:13    Desc
File a Plan:    Main Document    Page 17 of 29

2:10-bk-23799 Abigail Rodriguez
 Type: bk                         Chapter: 13 v                    Office: 2 (Los Angeles)
 Assets: y                        Case Flag: PlnDue

## U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Axel H Richter entered on 4/9/2010 at 6:35 PM PDT and filed on
4/9/2010
**Case Name:**        Abigail Rodriguez
**Case Number:**      2:10-bk-23799
**Document Number:** 2

**Docket Text:**
Chapter 13 Plan Filed by Debtor Abigail Rodriguez. (Richter, Axel)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\ECF\Rodriguez, Abigail BAPCPA\Plan.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=4/9/2010] [FileNumber=33494016-0
] [1cc0ac7effbf5d56f5178883152f28cf32f9ea5fe55cf163591ebefff078aa41d14
98bbeb8037dd275a7d8494353b3ef2901633a9b03c6e596945ddaf5ad3387]]

**2:10-bk-23799 Notice will be electronically mailed to:**

Axel H Richter on behalf of Debtor Abigail Rodriguez
arichterlaw@yahoo.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:10-bk-23799 Notice will not be electronically mailed to:**

| Name | Axel H. Richter |
|---|---|
| Address | Law Office of Axel H. Richter |
| | 11949 W. Jefferson Blvd., Suite 107 |
| | Culver City, CA 90230 |

Telephone  310-302-0069    (FAX)  310-302 0098

☒ Attorney for Debtor
State Bar No.  87301

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. |
|---|---|
| **Abigail Rodriguez** | **CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of **$1,039.00** per month for **60** months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ **62,290.20** which is estimated to pay **2** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: (specify property or indicate none)
NONE

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

   1.    If there are Domestic Support Obligations, the order of priority shall be:

      (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

      (b) Administrative expenses (Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full;

   2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _100_ % of each Plan Payment until paid in full.

   3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

   4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

   5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| **a.    Administrative Expenses** | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | $4,000.00 | | $800.00 | 5 | $4,000.00 |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| **b.    Other Priority Claims** | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| **c.    Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | | | | | |

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com    **F3015-1.1**
Best Case Bankruptcy

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐  The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒  The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

America's Serving Company _____     xxxxxx8632
(name of creditor)                                          (last 4 digits of account number)

Los Angeles County Treasurer and _____     xxxxxx3005
(name of creditor)                                          (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| America's Serving Company | xxxxxx8632 | $41,600.00 | 0 | $756.36 | 55 | $41,600.00 |
| Los Angeles County Treasurer and | xxxxxx3005 | $9,059.76 | 0 | $164.72 | 55 | $9,059.76 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | |
| | | | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____              _____
        (name of creditor)                              (last 4 digits of account number)

_____              _____
        (name of creditor)                              (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of $72,870.09 .
Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐ Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 6,150.00  which is estimated to pay  2 % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, 1. - bestcase.com

**F3015-1.1**
Best Case Bankruptcy

## IV.  PLAN ANALYSIS

| | |
|---|---:|
| **CLASS 1a** | $4,000.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $50,659.76 |
| **CLASS 3** | $0.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5** | $1,457.64 |
| **SUB-TOTAL** | $56,117.40 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | $6,172.80 |
| **TOTAL PAYMENT** | $62,290.20 |

## V.    OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**                        **Description of contract/lease:**
   -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**                        **Description of contract/lease:**
   -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                        **Monthly Payment:**
   -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   **Creditor Name:**                        **Description:**
   -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

   **1.  Debtor shall file a Complaint for Declaratory Relief and to remove Liens of HSBC Mortgage (second mortgage lien), pursuant to 11 U.S.C. Sec. 506(a)**

   **2.  ATTORNEY FEES, INCLUDING SUPPLEMENTAL FEES, TO BE PAID FIRST, NOTWITHSTANDING DISMISSAL OR CONVERSION OF THIS CASE**

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:    April 9, 2010

/s/ Axel H. Richter

Axel H. Richter
87301
Attorney for Debtor(s)

/s/ Abigail Rodriguez

Abigail Rodriguez
Debtor

Revised December 2009
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com

**F3015-1.1**

Best Case Bankruptcy

Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 9 of* ____    **F 4001-1M.IS**

| In re | (SHORT TITLE) | CHAPTER:   13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | | |
| | Debtor(s). | CASE NO.: 2:10-bk-23799-EC |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11949 W. Jefferson Blvd., Suite 107, Culver City, CA 90230

A true and correct copy of the foregoing document described as  NOTICE OF MOTION and MOTION FOR ORDER
 IMPOSING OR CONTINUING THE AUTOMATIC STAY (11 USC. 362)     will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to
the document.  On  4/14/10 _____   I checked the CM/ECF docket for this bankruptcy case or adversary
proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at
the email addressed indicated below:

☑ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  4/14/10 _____   I served the following person(s) and/or entity(ies) at the last known address(es) in this
bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity
served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____   I served the following person(s)
and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later
than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 04/14/10 | Cynthia Richter | *(signature)* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                          **F 4001-1M.IS**

F 4001-1M.IS

| In re: ABIGAIL RODRIGUEZ | CHAPTER 13 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-23799-EC |

ADDITIONAL SERVICE INFORMATION (if needed)

## SERVICE LIST

| SERVED ELECTRONICALLY | SERVED BY U.S.MAIL |
|---|---|
| Kathy Dockery<br>CHAPTER 13 TRUSTEE<br>efiling@ch13la.com<br><br>United States Trustee<br>ustpregion16.la.ecf@usdoj.gov | Honorable Ellen Carroll<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1634<br>Los Angeles, CA 90012<br><br>America's Serving Company<br>P.O. Box 10388<br>Des Moines, IA 50306-0388<br><br>American Express Centurian Bank<br>c/o Becket and Lee<br>P.O. Box 3001<br>Malvern, PA 19355<br><br>California Student Aid Commission<br>Accounts Receivable<br>P.O. Box 419041<br>Rancho Cordova, CA 95741-9041<br><br>Candica, LLC<br>c/o Weinstein & Riley, P.S.<br>2001 Western Ave., Suite 400<br>Seattle, WA 98121<br><br>Chase<br>201 N. Walnut St//De1-1027<br>Wilmington, DE 19801<br><br>Chase Bank USA, N.A.<br>c/o Creditors Bankruptcy Service<br>P.O. Box 740933<br>Dallas, TX 75374<br><br>Citi<br>Po Box 6241<br>Sioux Falls, SD 57117<br><br>Citifinancial, Inc.<br>Po Box 140489<br>Irving, TX 75014-0489<br><br>Department Stores National Bank<br>Macys<br>TSYS Debt. Mgmt., Inc.<br>P.O. Box 137<br>Columbus, GA 31902-0137<br><br>*Continued on next page* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.IS

| In re:   ABIGAIL RODRIGUEZ | CHAPTER   13 |
|---|---|
| Debtor(s). | CASE NUMBER  2:10-bk-23799-EC |

eCAST Settlement Corporation,
assignee of Chase Bank
P.O. Box 35480
Newark, NJ 07193-5480

GE Cosumer Finance
For GE Money Bank
P.O. Box 960061
Orlando, FL 32896-0661

Hsbc Bank Nevada, N.A.
c/o PRA Receivables Management, LLC
P.O. Box  12907
Norfolk, VA 23541

HSBC Mortgage Servbice
P.O. Box 21188
Eugan, MN 55121-4201

HUNT & HENRIQUES
Attorneys at Law
151 Bernal Road, Suite 8
San Jose, CA 95119-1306

I L W U Credit Union
1134 N Avalon Blvd
Wilmington, CA 90744

Los Angeles County Treasurer and
Tax Collector Revenue Enforcement
P.O. Box 54110
Los Angeles, CA 90054-0110

Memorial Counseling Associates, Inc
4525 Atherton Street
Long Beach, CA 90815

Pinnacle Fin
7825 Washington Av
Minneapolis, MN 55439

PRA Receivables Management
as agent of Portfolio Recovery
P.O. Box 41067
Norfolk, VA 23541

Resurgent Capital Services
P.o. B   10587
Greenville, SC 29603-0587

*Continued on next page*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    F 4001-1M.IS

Motion for Order Imposing a Stay or Continuing the Automatic Stay

| In re: | | CHAPTER 13 |
|---|---|---|
| ABIGAIL RODRIGUEZ | Debtor(s). | CASE NUMBER 2:10-bk-23799-EC |

Roundup Funding, LLC
MS550
P.O. Box 91121
Seattle, WA 98111-9221

Sears/cbsd
701 East 60th St N
Sioux Falls, SD 57117

TSYS Debt Management, Inc.
c/o Capital One Bank
P.O. Box 5155
Columbus, GA 31902-0137

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 4001-1M.IS